FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE INLAND EMPIRE ELECTRICAL WORKERS WELFARE TRUST; 112/73 RETIREMENT TRUST FUND NECA-IBEW; and LU 112-NECA ELECTRICAL TRAINING TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>EXCEL ELECTRICAL SERVICES, INC., a Washington state foreign corporation, UBI No. 602 717 875,<br><br>Defendant. | No. 2:21-cv-00200-MKD<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC.<br><br>**ECF No. 8** |

Before the Court is Plaintiffs' Motion and Declaration for Entry of Default Judgment, ECF No. 8. The Court has considered the briefing, the record, and is fully informed. For the reasons discussed below, the Court grants the motion and enters default judgment against Defendant Excel Electrical Services, Inc.

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 1

## BACKGROUND

This case arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. ECF No. 1 at 2. Plaintiffs "are the duly qualified and acting Trustees" of the Inland Empire Electrical Workers Welfare Trust, 112/73 Retirement Trust Fund NECA-IBEW, and 112-NECA Electrical Workers Training Trust Fund. ECF No. 1 at 2. Plaintiffs initiated this action against Defendant Excel Electrical Services for its alleged failure to comply with an audit of its payroll records. ECF No. 1 at 4.

According to the Complaint, on November 19, 2007, Defendant entered into a collective bargaining agreement with the Inland Empire Chapter of the National Electrical Contractors Association and the International Brotherhood of Electrical Workers Local 112 by executing a Letter of Assent. ECF No. 1 at 3. The Letter of Assent bound Defendant to the local Collective Bargaining Agreement and any successor agreements (collectively, the Labor Agreements). ECF No. 1 at 3. The Labor Agreements bound Defendant to the wage rates, fringe benefit contribution rates, apprentice contribution rates, and "the Trust Agreements that govern [the trust funds]." ECF No. 1 at 3.

Under the Trust Agreements, "[Defendant] must submit to an audit of its payroll records at the request of the Plaintiff[s]." ECF No. 1 at 3. On April 6, 2020, Plaintiffs requested Defendant comply with an audit of its records from

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 2

1  January 2019 through December 2019.  ECF No. 8 at 4.  Defendant failed to

2  comply with the requested audit.  ECF No. 1 at 4; ECF No. 8 at 4.

3       On July 1, 2021, Plaintiffs filed a Complaint, ECF No. 1, and issued a

4  Summons to Defendant, ECF No. 2.  The Summons and Complaint were properly

5  served upon Defendant's registered agent on July 10, 2021.  ECF No. 4; ECF No. 5

6  at 3.  Proof of Service was filed with the Court on July 14, 2021.  ECF No. 4.

7  Defendant did not file an Answer or otherwise appear.  *See* ECF No. 5 at 1.  On

8  August 18, 2021, Plaintiffs sent Defendant a Notice of Intent to Move for Entry of

9  Default via First Class Mail to Defendant's registered agent.  Plaintiffs also sent

10  the notice via First Class Mail to 322 E. McKinney Avenue in Hermiston, Oregon

11  and by email to excelelectrical@charter.net.  ECF No. 5-3.  On September 15,

12  2021, Plaintiffs filed a Motion for Entry of Default.  ECF No. 5.  The Clerk entered

13  an Order of Default the same day.  ECF No. 6.  On November 19, 2021, Plaintiffs

14  filed a Motion for Default Judgment.  ECF No. 8.

15                               **DISCUSSION**

16       **A.**     **ERISA**

17            *1.*     *Legal Framework*

18  "In enacting ERISA, Congress set out to protect participants in employee

19  benefit plans by establishing standards of conduct, responsibility, and obligations

20  for fiduciaries of employee benefit plans, and by providing for appropriate

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL
ELECTRICAL SERVICES, INC. - 3

remedies." *Yeseta v. Baima*, 837 F.2d 380, 383 (9th Cir. 1988); *see also* 29 U.S.C. § 1001. Generally speaking, ERISA requires that plan participants are provided with information about their benefits, imposes fiduciary responsibilities on those who manage and control plan assets, and gives to certain defined entities the right to sue for violations of the law.

Under 29 U.S.C. § 1132(a), "[a] civil action may be brought [under ERISA] . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief . . . or to enforce any provision of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). An ERISA "plan" includes a "fund." 29 U.S.C. § 1002(1), (2), (3) (The terms "employee welfare benefit plan" and "welfare plan" and "employee pension benefit plan" and "pension plan" mean "any plan, *fund*, or program established or maintained by an employer or by an employee organization, or by both") (emphasis added); *see Hawaii Masons' Pension Trust Fund v. Global Stone Hawaii, Inc.*, 292 F. Supp. 3d 1063, 1066 (D. Haw. 2017) (noting that a pension trust fund, training trust fund, and welfare trust fund "are jointly trusteed labor-management trust funds maintained under 29 U.S.C § 186(c)(5) that operate as employee benefit plans.").

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 4

        2.       *Jurisdiction and Venue*

"[T]he district courts of the United States shall have exclusive jurisdiction of civil actions [under ERISA] . . . brought by . . . a participant, beneficiary [or] fiduciary." 29 U.S.C. § 1132(e)(1).  In addition, "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the [equitable] relief provided for in subsection (a) of this section in any action." 29 U.S.C. § 1132(f).

An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).  Plaintiffs state the trust funds are administered within this District in Spokane, Washington.  ECF No. 1 at 2.

**B.    Default Judgment**

        1.       *Procedural Requirements*

Under the Federal Rules of Civil Procedure, obtaining a default judgment is a two-step process.  Fed. R. Civ. P. 55.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, the moving "party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b). Under the Local Civil Rules, the moving party must then provide "[w]ritten notice of the intention to move for entry of default . . . to counsel or, if counsel is

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 5

unknown, to the party against whom default is sought, regardless of whether counsel or the party have entered an appearance. Such notice shall be given at least 14 days prior to the filing of the motion for entry of default." LCivR 55(a)(1). The moving party is also required to, "[b]y declaration or affidavit . . . (A) specify whether the party against whom judgment is sought is an infant or an incompetent person . . . and (B) attest that the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b [now codified at 50 U.S.C. § 3901 *et seq*.], does not apply." LCivR 55(b)(1).

      Plaintiffs have satisfied both procedural requirements of Fed. R. Civ. P. 55. The first requirement was satisfied on September 15, 2021, when Plaintiffs moved for an entry of default and the Clerk entered an Order of Default. ECF Nos. 5, 6. Plaintiffs satisfied the second requirement on November 19, 2021 when they moved for default judgment. ECF No. 8.

      Plaintiffs also satisfied the requirements of the Local Rules. Plaintiffs provided Defendant with written notice of their intention to move for entry of default judgment on August 18, 2021, *see* ECF No. 5-3, more than 14 days prior to filing their Motion for Default Judgment on November 19, 2021. *See* ECF No. 8. Plaintiffs also filed a declaration specifying that Defendant is neither an infant nor an incompetent person and that the Servicemembers Civil Relief Act does not apply. ECF No. 8 at 3.

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 6

2.      *Substantive Requirements—Eitel Factors*

"[T]he decision to enter a default judgment is discretionary." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The Ninth Circuit has established seven factors, known as the *Eitel* factors, that Courts may consider when exercising their discretion to enter a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* In weighing these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

a.      Possibility of Prejudice

The first *Eitel* factor considers the possibility of prejudice to Plaintiff if default judgment is not entered. *Eitel*, 782 F.2d at 1471-72. "Prejudice exists where the plaintiff has no 'recourse for recovery' other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014).

In this case, Plaintiffs are authorized by the Trust Agreements "to audit and examine the pertinent payroll records of the signatory employers to ensure the

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 7

proper reporting of hours and contributions." ECF No. 8 at 4. Defendant, a signatory employer bound by the Trust Agreements, was selected for an audit in April 2020. ECF No. 8 at 4. Defendant failed to respond to all attempts to perform the audit and has not provided any of the requested documents. ECF No. 8 at 4. Defendant has also failed to participate in this action. ECF No. 6.

Until receiving the results of the audit, Plaintiffs cannot determine if Defendant has made the required contributions under the Trust Agreements. Plaintiffs will suffer prejudice unless default judgment is entered because they have no method to ensure Defendant complies with its contractual and statutory obligations. Thus, the first factor weighs in favor of default judgment.

      b.     Merits and Sufficiency

The second and third factors, which "assess the substantive merit of plaintiff's claim and the sufficiency of its pleadings," are often analyzed together. *See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). These factors weigh in favor of default judgment when the complaint adequately states a claim on which the plaintiff may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

Plaintiffs allege Defendant is in material breach of the Trust Agreements to which it is a signatory by its failure to comply with an audit of its payroll records. ECF No. 1 at 4. Plaintiffs seek equitable relief in the form of a judgment

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 8

compelling Defendant's compliance with the relevant agreements. ERISA provides that a fiduciary may bring suit to obtain equitable relief and enforce the provisions of an ERISA plan. 29 U.S.C. § 1132(a)(3). Plaintiffs are ERISA fiduciaries entitled to maintain this action,[1] and their Complaint adequately states a claim for equitable relief based on Defendant's failure to comply with the terms of the Trust Agreement to which it is bound.

As for the substantive merits of the Complaint, Plaintiffs have identified the terms of the Labor and Trust Agreements, Defendant's contractual obligation to comply with a requested audit as a signatory to said agreements, Defendant's failure to comply with the requested audit, and Plaintiffs' statutory right to seek equitable relief. ECF No. 1 at 2-6. The facts in the Complaint, which the Court

---

[1] "ERISA defines a 'fiduciary with respect to a plan' to include a person who 'exercises any discretionary authority or discretionary control respecting management of such plan' or 'has any discretionary authority or discretionary responsibility in the administration of such plan.'" *King v. Blue Cross & Blue Shield of Illinois*, 871 F.3d 730, 745 (9th Cir. 2017) (quoting 29 U.S.C. § 1002(21)(A)). "A plan trustee is a fiduciary under ERISA." *Moon v. Rush*, 69 F. Supp. 3d 1035, 1042 (E.D. Cal. 2014) (internal quotation omitted).

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 9

treats as true, set forth a meritorious claim for equitable relief under ERISA. Accordingly, the second and third *Eitel* factors weigh in favor of default judgment.

    c.  Amount of Money at Stake

The fourth factor considers the sum of money at stake in the action. *Eitel*, 782 F.2d at 1471-72. "In weighing this factor, courts take into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by defendant's conduct.'" *Curtis*, 33 F. Supp. 3d at 1212 (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)). "Default judgment is disfavored if the sum of money at stake is 'completely disproportionate or inappropriate' or if the plaintiff cannot recover its damages under the laws for which it seeks a remedy." *Hygenix, LLC, Plaintiff v. Jiaming Xie, Defendant*, No. 221CV00957JADEJY, 2022 WL 1094181, at *3 (D. Nev. Apr. 11, 2022) (citation omitted).

This case does not involve large sums of money as Plaintiffs do not seek monetary damages. Rather, Plaintiffs seek equitable relief as well as $4,371 in attorneys' fees and costs. ECF No. 8 at 6. Under the terms of the Trust Agreements, *see* ECF No. 8 at 5, and 29 U.S.C. § 1132(g)(1), Plaintiffs are permitted to recover reasonable attorneys' fees and costs incurred in enforcing the

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 10

audit.[2]  To the extent the request for fees and costs should be considered as part of the money at stake in this action, the Court finds the requested attorneys' fees and costs are not disproportionate to the harm alleged and therefore finds this factor weighs in favor of default judgment.

        d.    Dispute of Material Facts

The fifth factor weighs the possibility of a dispute over material facts. *Eitel*, 782 F.2d at 1471-72.  "Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists." *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *see also Joe Hand Prods. v. Holmes*, 2015 WL 5144297, at *7 (D. Or. Aug. 31, 2015) ("[t]he fifth [*Eitel*] factor . . . weighs in favor of default judgment when the claims in the complaint are well-pleaded.").

Here, Excel "failed to answer, plead, or otherwise defend against the complaint." ECF No 6.  Thus, no dispute has been raised, and there is no likelihood of a dispute over material facts in this case. *Elektra*, 226 F.R.D. at 393.  This factor therefore favors default judgment.

---

[2] As set forth below, the Court declines to rule on the request for attorneys' fees at this time but will entertain an appropriate motion for attorneys' fees and costs.

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 11

e.  Excusable Neglect

The sixth factor considers whether Defendant's default is due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. There is no excusable neglect when Defendant was "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [default judgment] motion." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendant's registered agent was served with the Complaint and Summons. ECF No. 4; ECF No. 5 at 3. The process server submitted an affidavit that the Complaint and Summons were properly served. ECF No. 5 at 3. In addition, Defendant's registered agent was served with the notice of entry of default, *see* ECF No. 5-3, and the papers in support of the default judgment motion. *See* ECF No. 8 at 7. There is no evidence to suggest that Defendant's failure to appear is the result of excusable neglect. Therefore, this factor favors entry of default judgment.

f.  Decision on the Merits

Finally, the seventh factor considers the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. "This factor reflects the general principle that cases should be decided on their merits when it is reasonably possible to do so." *Curtis*, 33 F. Supp. 3d at 1213.

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 12

While this factor will almost always lean against default judgment, "it is not dispositive." *Id.*

In this case, the Court notes the strong policy preference favoring a decision on the merits. However, Defendant has failed to defend this action. Accordingly, the Court finds it is not reasonably possible to reach a decision on the merits in this case. This factor therefore weighs slightly, if at all, against default judgment.

### 3. Default Judgment is Appropriate

The policy preference favoring a decision on the merits is not enough to overcome the weight of the six other *Eitel* factors, all of which weigh in favor of default judgment. Accordingly, upon considering the *Eitel* factors in its exercise of discretion, the Court finds entry of default judgment against Defendant is proper.

### 4. Relief

#### a. Injunction

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiffs are primarily seeking the equitable remedy of an injunction requiring Defendant to cooperate with an audit. Plaintiffs' Motion for Default Judgment asks the Court for an order compelling Defendant to produce the following records necessary to complete the audit:

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 13

A.  Year-to-Date Payroll Reporting ran by check date for the period of January 2019 through December 2019 for employees reported to Locals 73 or 112. These reports should include both hours and wages.

B.  Collective Bargaining Agreement, Letter of Assent, or Project Labor Agreement (if applicable) that covers the scope of the audit period specified in item A.

C.  Monthly Trust Remittances for each month for the Trust Funds in the scope of the audit period specified in item A.

D.  Federal Annual Earnings Reports – Forms W-2s (only for employees reported to Local 73 or 112) and 1099s.

E.  Quarterly Earnings Reports for all quarters in 2019 that show all employees with their individual gross taxable wages.

F.  Employee Roster showing all active employees of the company that are reported on the Quarterly State Unemployment Reports and W-2s including union and non-union employees during the audit period specified in item A.

G.  Job Listing showing the location of all jobs worked in 2019 in Washington, Oregon, and Idaho. Including job name, city, and ZIP code.

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 14

  H. Vendor List for all active vendors during the audit period specified in item A.

  I. Vendor Check Register/ Accounts Payable Summary/ Cash Disbursement Record or some other document showing payments made to the Trust Funds for the period of January 2019 through December 2019.

ECF No. 8.

The Court finds Plaintiffs are entitled to equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The Court finds it an appropriate equitable remedy to compel Defendant to produce the documents listed above in items A-I to comply with the requested audit. *See Boland v. Smith & Rogers Constr. Ltd.*, 201 F. Supp. 3d 144, 150 (D.D.C. 2016) (collecting cases with non-responsive defendants in which "courts have awarded injunctions requiring an employer to comply with its obligations under ERISA and collective bargaining agreements.").

  b. Attorneys' Fees and Costs

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Plaintiffs' Motion for Default Judgment asks this Court to award attorneys' fees and costs pursuant to § 1132(g)(1) and the Trust Agreements in the amount of $4,371. ECF No. 8 at 6. Plaintiffs' counsel submitted an accompanying declaration stating that attorneys in

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 15

counsel's firm expended 16.3 hours in this matter at rates of $180.00 and $240.00 per hour and legal assistants expended .2 hours at a rate of $100.00 per hour. ECF No. 8 at 5-6. The requested attorneys' fees totaled $3,884. ECF No. 8 at 5-6. Plaintiffs also state they have incurred costs for filing and service of process fees totaling $487. ECF No. 8 at 5-6. Plaintiffs ask the Court to set the post-judgment interest rate at 12% per annum, which is the rate set by the Trust Agreements, accruing from the date of entry of judgment until paid in full.[3] ECF No. 8 at 5-6.

The Court finds that § 1132(g)(1) authorizes attorneys' fees and costs at the Court's discretion. The Court will entertain an appropriate motion for fees and costs with a declaration from the attorney "that constitutes the type of 'detailed … documentary evidence' on which the Court may rely[.]" *Bricklayers & Trowel Trades Int'l Pension Fund v. Barron*, 317 F. Supp. 3d 157, 163 (D.D.C. 2018).[4]

---

[3] The Court directs Plaintiffs to submit the trust agreements with any motion for attorneys' fees.

[4] The Court directs that any motion for attorneys' fees include an itemized accounting of individual tasks performed by the attorneys and legal staff, as well as supporting evidence that the fees charged are reasonable. The Court disfavors block billing and directs that the supporting documentation not be in the form of block billing.

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 16

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Default Judgment, **ECF No. 8,** is **GRANTED** as set forth in this Order.

2. **DEFAULT JUDGMENT IS HEREBY ENTERED** in favor of Plaintiffs.

3. Defendant shall produce to Plaintiffs the documents listed on pages 13-15 (Items A-I) of this Order.

4. The Court will entertain an appropriate motion for attorneys' fees and costs.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

DATED April 26, 2022.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT EXCEL ELECTRICAL SERVICES, INC. - 17